HULT et al. v. GOLDWASSER et al.

(Supreme Court, Appellate Term, First Department.　May 18, 1915.)

DAMAGES ⬤═189—BREACH OF CONTRACT—EVIDENCE.

　　Evidence *held* not to sustain the amount of the award of damages on a counterclaim for breach of contract in the furnishing of brick and performance of mason work.

　　[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 288, 512; Dec. Dig. ⬤═189.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Jacob Hult, Alfred Hult, and C. Arnold Hult, copartners as J. Hult & Co., against Max Goldwasser and Harry Reich, copartners as Goldwasser & Reich. From judgment for plaintiffs, defendants appeal. Modified and affirmed.

Argued April term, 1915, before GUY and BIJUR, JJ.

Walter M. Goldsmith, of New York City, for appellants.
Albert J. Rifkind, of New York City, for respondents.

GUY, J. The question litigated below was as to the liability of the plaintiffs on defendants' counterclaim for damages for breach of the

contract made by plaintiffs' assignor for the performance of mason and other incidental work, as defendants' subcontractors, on premises owned by the Floy Real Estate Company.

The learned trial justice evidently found that the work had not been properly done, for he allowed the defendant $20 upon the $100 counter-claimed by them as their damages. The allowance was made by the trial justice apparently upon the testimony of the witness Jacob Hult that it would take $20 to substitute the kind of brick required by the contract for the brick actually used in the work. The testimony shows, however, that not only did the plaintiffs' assignors use an inferior brick, but that the bricks were not laid in accordance with the contract. The appellants claim that the evidence warranted a recovery by them measured by the extent of their liability to the property owner, and that such liability is the sum of $100, the difference between the actual value of the work and its value if the contract had been complied with.

While the learned trial justice had a right to reject the testimony of defendants' expert in respect to the amount of damage sustained, the sum awarded, which represents merely the difference in costs of the brick, is inadequate to compensate for the breach.

Judgment modified, by reducing the amount thereof to $48.61, with appropriate costs in the court below, and, as so modified, affirmed, without costs of appeal to either party.

BIJUR, J., concurs.